■ ALAN P. COHEN et al., Appellants, v CABRINI MEDICAL CENTER et al., Defendants, and RICHARD AMELAR, Respondent. [691 NYS2d 523] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered on or about June 2, 1998, which granted the motion of defendant Richard Amelar for summary judgment dismissing the second cause of action in the complaint and striking the corresponding claims of plaintiff Amy Margolis in the bill of particulars for severe pain, mental anguish, extensive medical treatment, testing for in vitro fertilization, and impairment of her ability to bear children by her husband, unanimously affirmed, without costs.

Although a physician's duty of care, ordinarily owed exclusively to the patient (*Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 9), may be extended "under appropriate circumstances, common morality, logic and social policy" (*Tenuto v Lederle Labs.*, 90 NY2d 606, 612), the motion court properly determined that this was not a case in which such extension was warranted. In this connection, the "wrongful conception" cases relied upon by plaintiff, in which the defendant physicians were held to have had a duty to the nonpatient plaintiff wives to competently perform vasectomies upon their husbands so as to prevent foreseeably injurious pregnancies (*see, Miller v Rivard*, 180 AD2d 331; *Weintraub v Brown*, 98 AD2d 339; *Sorkin v Lee*, 78 AD2d 180, *appeal dismissed* 53 NY2d 797), are materially distinguishable from the instant case, in which the procedure performed upon the spouse,

intended to increase fertility, even if unsuccessful, would not, as a direct consequence, have endangered the physical health of the nonpatient spouse. Moreover, the procedure here at issue, a varicocelectomy, is not invariably successful and, accordingly, plaintiff wife was never given assurances that the procedure would result in increased fertility, much less that as a consequence of the procedure she would conceive a child with her husband, or that the procedure would obviate the need for her to undergo in vitro fertilization in order to conceive. We agree with the motion court as well that plaintiff Margolis's loss of offspring claim, i.e., that her chances of bearing a genetic child with her husband were decreased due to the alleged malpractice, is too speculative to be compensable (see, Endresz v Friedberg, 24 NY2d 478, 488).

We have considered plaintiffs' remaining arguments and find them to be unavailing. Concur—Ellerin, P. J., Wallach, Lerner and Friedman, JJ.